UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD BURLEY, | Case No. 16-12256 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| BADAWI ABDELLATIF, ET AL., | U.S. MAGISTRATE JUDGE |
| Defendants. | DAVID R. GRAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION [61]; OVERRULING DEFENDANT'S OBJECTION [63]; OVERRULING PLAINTIFF'S OBJECTIONS [71]; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [55]**

Plaintiff Edward Burley filed the instant prisoner civil rights action on June 17, 2016. Defendants Corizon Health, Inc., Badawi Abdellatif, M.D., and Kim Farris, P.A., filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [55] on March 27, 2017. Plaintiff filed a Response [57] on April 21, 2017. Defendants filed a Reply [58] on May 8, 2017.

On January 26, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") [61] recommending that the Court grant in part and deny in part Defendants' Motion to Dismiss.

Defendant Abdellatif filed an Objection [63] to the R&R on February 2, 2018. Plaintiff filed a Response to Objection [65] on February 16, 2018. Defendant filed a Reply [68] on February 21, 2018. Plaintiff filed Objections [71] to the R&R

on March 2, 2018. Plaintiff filed a Cross-Reply [73] on March 5, 2018. Defendants filed a Response [77] on March 12, 2018.

For the reasons stated below, the R&R [61] is **ADOPTED**; Defendant's Objection [63] is **OVERRULED**; Plaintiff's Objections [71] are **OVERRULED**; and Defendants' Motion to Dismiss [55] is **GRANTED in part and DENIED in part**.

### FACTUAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

> At all times relevant to this action, Burley was an inmate at the Macomb Correctional Facility ("MRF"), a prison operated by the Michigan Department of Corrections ("MDOC"). Burley's claims center around a June 23, 2015 chronic care visit he had with Dr. Abdellatif regarding his complaints of heel spur pain and acid reflux. Burley alleges that Dr. Abdellatif took his vitals, but then, after Burley mentioned that he "was on the Vegan line and was Jewish," Abdellatif terminated the appointment, canceled various accommodations that had been previously ordered for Burley, and refused to prescribe Burley pain medicine.
>
> Burley also alleges that he advised PA Farris "that Abdellatif had denied [him] medical care," and that she "assured [him] that [he] would be treated for [his] foot problems and acid reflux." However, Farris allegedly, told other nurses not to provide Burley with accommodations for his "asthma and other breathing complications," denied him "a medically necessary Hearing Aid for a period of time," and also failed to treat his injured back.
>
> After pursuing internal grievances against Abdellatif, Burley filed the instant suit on June 17, 2016. Construing Burley's complaint liberally, he alleges the following claims:

1) deliberate indifference to his serious medical needs in violation of the Eighth Amendment;

2) retaliation in violation of the First Amendment;

3) violation of his First Amendment right to freedom of religion;

4) deprivation of property in violation of the Fifth Amendment stemming from the loss of his foot bath and "bottom floor" and "bottom bunk" privileges;

5) violation of his Fourteenth Amendment rights under the Equal Protection Clause in denying or preventing him from receiving medical treatment either because he is Jewish or because he is hearing impaired, or both;

6) conspiracy between Defendants and "other medical personnel" to deny his medical care, presumably in violation of 42 U.S.C. § 1985;

7) violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132;

8) state law claims of gross negligence and intentional infliction of emotional distress ("IIED").

[Dkt. #61 at 2-4] (internal citations omitted).

The R&R [61] recommends that the Court dismiss all claims against Defendants Corizon and Farris and dismiss the ADA, Conspiracy, First Amendment Free Exercise, and Fifth Amendment and Due Process claims against Defendant Abdellatif.

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## ANALYSIS

**I. Defendant Abdellatif's Objection No. 1: A physical injury is required for an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983.**

42 U.S.C. § 1997e(e) provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

To sustain an Eighth Amendment claim, the injury alleged need not be particularly serious; but, it must be more than *de minimis*. *Richmond v. Settles*, 450 F. App'x 448, 453 (6th Cir. 2011).

Defendant Abdellatif maintains that Plaintiff must allege a physical injury in order to proceed with his Eighth Amendment deliberate indifference claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (holding that the plaintiff could not bring an Eighth Amendment claim for placement in segregation because he did not allege a physical injury.). Defendant argues that the Court should

dismiss the deliberate indifference claim because Plaintiff has failed to allege a physical injury. Alternatively, Defendant argues that dismissal is warranted because the allegations in the Complaint do not rise to the level of *de minimis* injury.

As noted in the R&R, "the plain language of [§ 1997e(e)] does not bar claims for constitutional injury that do not also involve physical injury" and "says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) (internal citation omitted). Contrary to Defendant's assertion, the Sixth Circuit has not established whether a prisoner who properly alleges an Eighth Amendment deliberate indifference claim "must also show that a physical injury resulted from that violation." *Richardson v. Bauman*, No. 2:12-CV-435, 2015 WL 5347557, at *2 (W.D. Mich. Sept. 14, 2015).

Nevertheless, Plaintiff's repeated allegations of physical pain suffered as a result of Defendant's alleged deliberate indifference constitute more than *de minimis* physical injuries for purposes of § 1997e(e). *See, e.g.*, *Rhinehart v. Edelman*, 2016 WL 2733760, at *12 (E.D. Mich. Apr. 7, 2016), *report and recommendation adopted,* No. 2:11-CV-11254, 2016 WL 7209287 (E.D. Mich. Dec. 13, 2016) (finding that alleged injuries of pain and portal hypertension were not de minimis); *Campbell v. Gause*, 2011 WL 825016, at *7 (E.D. Mich. Feb. 1,

2011), *report and recommendation adopted,* No. 2:10-CV-11371, 2011 WL 837737 (E.D. Mich. Mar. 4, 2011) (explaining that "Plaintiff's statement that he experienced chest pains, spiked blood pressure, broncospasms, migraine headaches, and dizziness after Defendants confiscated his prescription medicine states both a 'physical injury' and the deliberate indifference required to sustain his Eighth Amendment claim.").

This is not a case in which the plaintiff has exclusively alleged emotional injury, such fear and anxiety. *See Rouse v. Caruso*, 2014 WL 7877155, at *9 (E.D. Mich. Aug. 5, 2014), *report and recommendation adopted,* No. 06-CV-10961, 2015 WL 632025 (E.D. Mich. Feb. 13, 2015). At this early stage in the proceedings, Plaintiff's allegations of "heel pains, stomach pains, and other pains," and "obvious pain and suffering for a protracted period of time" [Dkt. #1 at 7], are more than *de minimis* and therefore satisfy any physical injury requirement. Accordingly, Defendant's objection is overruled.

**II. Plaintiff's Objections to the R&R**

    **A. Objection No. 1: A physical injury is not required for an Eighth Amendment Deliberate Indifference Claim under 42 U.S.C. § 1983. Should this Court find that King applies only to First Amendment claims, Plaintiff objects to the Court not finding I plead an injury as the complaint clearly alleges that I was forced to endure "excruciating" pain due to Abdellaif [sic] refusing to treat me based on religious animus.**

Plaintiff's objection misconstrues the R&R's recommendation. The R&R provides that dismissal on the basis of Plaintiff's failure to plead a physical injury is unwarranted given that Plaintiff alleged distinct constitutional injuries and excruciating pain and suffering. [Dkt. #61 at 7].

In their Response [77], Defendants rely on *Powell v. Washington*, No. 17-1262, 2017 WL 6422354, at *5 (6th Cir. Dec. 18, 2017), to repeat their argument that pleading a physical injury is required for an Eighth Amendment deliberate indifference claim. However, in *Powell*, the plaintiff solely alleged psychological injury suffered from his detention in segregation. *Id.* As explained above, in this case, even if Plaintiff were subject to the physical injury requirement for his deliberate indifference claim, his allegations of physical pain are sufficient to satisfy this hurdle on a motion to dismiss. Accordingly, Plaintiff's objection is overruled.

> **B. Objection No. 2: Plaintiff objects to the Magistrate's holding of strict pleading requirement in disposing constitutional claims against Corizon, and not liberally construing Plaintiff's complaint under the law, and holding Plaintiff to a heightened standard of pleading as that of a licensed attorney.**

Plaintiff objects to the R&R's recommendation to dismiss all claims against Defendant Corizon because he failed to allege facts to establish that Corizon had a policy, custom, or practice that violated his constitutional rights.

In his Complaint, Plaintiff summarily alleges that Corizon has a practice, custom, and policy "to discriminate against persons with hearing impairments" and "of not providing pain medications to indigent prisoners." [Dkt. #1 at 6-7]. However, Plaintiff fails to allege any articulable facts to support these conclusory assertions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is undisputed that Plaintiff, a *pro se* litigant, is entitled to leniency. But, the leniency afforded to Plaintiff "is not boundless" and Plaintiff must still satisfy "basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal citation omitted). Thus, the R&R correctly notes that Plaintiff is entitled to some leniency, but "is still required to be aware of, and abide by, the rules and procedures of this Court." [Dkt. #61 at 11]. In recommending dismissal of the claims against Corizon, the Magistrate Judge did not impose a heightened pleading standard, but rather, appropriately required Plaintiff to plead sufficient facts to support a plausible claim for relief.

Moreover, the R&R clarifies that the Magistrate Judge considered Plaintiff's *pro se* status upon its review of the Complaint. Nevertheless, the R&R recommends dismissal because Plaintiff fails to plead any facts to support his allegation that Corizon had a policy that caused Defendant Abdellatif to refuse medical treatment on the basis of Plaintiff's religion. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (noting that the medical provider's

In his Complaint, Plaintiff summarily alleges that Corizon has a practice, custom, and policy "to discriminate against persons with hearing impairments" and "of not providing pain medications to indigent prisoners." [Dkt. #1 at 6-7]. However, Plaintiff fails to allege any articulable facts to support these conclusory assertions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is undisputed that Plaintiff, a *pro se* litigant, is entitled to leniency. But, the leniency afforded to Plaintiff "is not boundless" and Plaintiff must still satisfy "basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal citation omitted). Thus, the R&R correctly notes that Plaintiff is entitled to some leniency, but "is still required to be aware of, and abide by, the rules and procedures of this Court." [Dkt. #61 at 11]. In recommending dismissal of the claims against Corizon, the Magistrate Judge did not impose a heightened pleading standard, but rather, appropriately required Plaintiff to plead sufficient facts to support a plausible claim for relief.

Moreover, the R&R clarifies that the Magistrate Judge considered Plaintiff's *pro se* status upon its review of the Complaint. Nevertheless, the R&R recommends dismissal because Plaintiff fails to plead any facts to support his allegation that Corizon had a policy that caused Defendant Abdellatif to refuse medical treatment on the basis of Plaintiff's religion. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (noting that the medical provider's

liability "must also be premised on some policy that caused a deprivation of Starcher's Eighth Amendment rights."). Notwithstanding its liberal construction of the Complaint, the Court is not required "to conjure allegations on [Plaintiff's] behalf." *Martin*, 391 F.3d at 714. Plaintiff's objection is overruled.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the R&R [61] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Objection [63] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [71] are **OVERRULED**.

**IS IT FURTHER ORDERED** that Defendants' Motion to Dismiss [55] is **GRANTED in part and DENIED in part**.

**SO ORDERED**.

                         s/Arthur J. Tarnow
                         Arthur J. Tarnow
Dated: March 19, 2018       Senior United States District Judge