# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

EDWARD BURLEY, #502426,

    Plaintiff,

v.

ABDELLATIF, et al.

    Defendants.

Case No: 2:16-CV-12256
District Judge: Arthur Tarnow
Magistrate Judge: David R. Grand

| MICHIGAN STATE UNIVERSITY | CHAPMAN LAW GROUP |
|---|---|
| Daniel E. Manville (P39731) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Attorney for Plaintiff | Wedad Ibrahim (P81970) |
| P.O. Box 1570 | Attorneys for Badawi Abdellatif, M.D. |
| East Lansing, MI 48826 | 1441 West Long Lake Rd., Suite 310 |
| (517) 432-6866 | Troy, MI 48098 |
| daniel.manville@law.msu.edu | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | wibrahim@chpamanlawgroup.com |

**DEFENDANT BADAWI ABDELLATIF M.D.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 135)**

**PROOF OF SERVICE**

1

NOW COMES Defendant BADAWI ABDELLATIF, M.D. ("Defendant"), by and through his attorneys, CHAPMAN LAW GROUP, and brings these Objections to Magistrate Judge's Report and Recommendation (**Dkt. No. 135**) pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.1.

## I.  RELEVANT STATEMENT OF FACTS

Plaintiff initiated the present lawsuit against former Defendants Corizon Health, Inc.; Kim Farris, P.A.; and current Defendant Badawi Abdellatif M.D. pursuant to 42 U.S.C. § 1983, for alleged violations of the ADA and the First, Fifth, Eighth, and Fourteenth Amendments. (**Dkt. No. 1, ¶ 12**). The Court dismissed all claims against Corizon Health, Inc. and Kim Farris, P.A., as well as several claims against Dr. Abdellatif: ADA, Conspiracy, First Amended Free Exercise, and Fifth Amendment Due Process (**Dkt. Nos. 61 and 78**).

Specifically, Plaintiff alleges that on June 23, 2015, Dr. Abdellatif refused to treat his heel pains upon hearing of his Jewish faith, and ended the provider visit without assessing him. Defendant Abdellatif filed a Motion for Summary Judgment on June 14, 2019 regarding remaining claims under the Eighth Amendment, First Amendment Retaliation, Fourteenth Amendment, Intentional Infliction of Emotional Distress, and Gross Negligence. (**Dkt. No. 117**) The Magistrate Judge issued a Report and Recommendation recommending dismissal of Plaintiff's Eighth Amendment, Fourteenth Amendment, and Intentional Infliction of Emotional

Distress claims. (**Dkt. No. 135**) The following objections are related to the Magistrate Judge's findings regarding Plaintiff's First Amendment Retaliation claim, and his Gross negligence claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) provides in pertinent part. "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. The Magistrate Judge Act requires district courts to review de novo those portions of the magistrate judge's report to which a timely objection is made. 28 § U.S.C. 636(b)(1)(C). The statute grants district courts the discretion to "accept, reject, or modify, in whole or in part" the findings or recommendations of the magistrate judge and to "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

A district court has the discretion to consider evidence presented for the first time in a party's objections to a magistrate judge's report. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009)("[w]e find persuasive *United States v. Howell*, 231 F.3d 615, 621 (9th Cir.2000), and *Freeman v. Bexar*, 142 F.3d 848, 850–53 (5th Cir.1998), both of which held that district courts have the discretion, though they are not required, to consider evidence presented for the first time in a party's objections to a magistrate judge's report. "

3

### III.  **BADAWI ABDELLATIF, M.D.'S SPECIFIC OBJECTIONS**

The following facts concluded in the Report and Recommendation ("R&R") are of importance when assessing Defendant's objections:

- The Magistrate concluded that Plaintiff <u>failed</u> to raise a material question of fact that his alleged heel pain rose to the level of a serious medical condition. (**PageID.1458**)

- The Magistrate concluded that Plaintiff <u>failed</u> to raise a material question that Dr. Abdellatif's <u>cancellation of accommodations</u> (foot soak and heel pads) deprived him of "the minimal measure of life's necessities" or subjected him to anything more than "mere discomfort and inconvenience" (**PageID.1458**)

**A. <u>The Magistrate erred in concluding a material question of fact exists regarding whether Dr. Abdellatif would have taken the same action absent Plaintiff's protected conduct on June 23, 2015.</u>**

The Magistrate concluded that Defendant's argument that he would have taken the same action in the absence of Plaintiff's protected activity fails because the argument was premised on his version of events, which the Court could not credit at the summary judgment stage. (**PageID.1462-1463**) However, the Magistrate failed to reconcile how Defendant's version of events –that he saw Plaintiff on June 23, 2015, assessed his feet, found no evidence suggesting a serious issue, and accordingly removed the unnecessary special accommodations–cannot be credited

4

in regards to his defense that he would have provided the same treatment, when this "version of events" was utilized to conclude Plaintiff had 1. no serious medical need and 2. was not deprived of any measure of necessity in his Eighth Amendment claim. While the R&R does acknowledge the incongruity of finding no genuine issue of material fact under the Eighth Amendment, yet finding a genuine issue under the First Amendment, the Court simply states that the adverse act for purposes of the First Amendment does not have to be a violation of the Constitution. (**PageID.1462**) While Defendant does not dispute that assertion, the Magistrate did credit Defendant's version of events when concluding Mr. Burley had no serious medical need and that Dr. Abdellatif's removal of the special accommodations did not rise to the level of a deprivation of "the minimal measure of life's necessities." In order to conclude that the removal of Mr. Burley's special accommodations was not a deprivation of right, the Court must have accepted that Dr. Abdellatif did in fact assess Plaintiff on June 23, 2015 and found no medical necessity for such accommodations. Yet, the R&R then blanketly dismisses Defendant's defense of having taken the same action (finding normal feet and removing the accommodations), despite Plaintiff's protected conduct.

  The exam that Dr. Abdellatif performed was appropriate given the symptoms that Mr. Burley reported. This is the same medical care that he would have provided regardless of whether or not Mr. Burley informed him of his Jewish faith. The

5

alleged "adverse action" was really a proper medical exam. *Thaddeus-X*, 175 F.3d at 399.; *see Kensu v. Rapelje*, 2015 U.S. Dist. LEXIS 120423 at *6-8 (2015).

### B. The Magistrate erred in not dismissing Plaintiff's Gross negligence claims.

The Magistrate concluded that Plaintiff's claim sounds in negligence, and not medical malpractice. (**PageID.1465**) The R&R explains that because Plaintiff alleges a complete denial of treatment then a jury would not need the assistance of an expert witness to decide whether Dr. Abdellatif exercised any medical judgment, let alone whether such judgment was reasonable. (**PageID.1465**)

First, similar to the first objection, the R&R does in fact conclude no genuine issue of material fact exists regarding Plaintiff's heel pain not constituting a serious medical condition. Again, the R&R also concludes that Dr. Abdellatif's actions in removing Mr. Burley's special accommodations did not deprive him of "the minimal measure of life's necessities" which inherently requires acknowledgement of Dr. Abdellatif's medical assessment. Therefore, Plaintiff's claims cannot be characterized as a complete denial of treatment since the Magistrate made conclusions for other claims where the treatment provided to Plaintiff was in fact assessed. In order to evaluate the reasonableness of Dr. Abdellatif's actions, any jury would have to be presented with the standards of care pertaining to the medical issue of whether Mr. Burley's medical accommodations were medically necessary. *See Bryant v. Oakpointe Villa Nursing Ctr.*, Inc., 471 Mich. 411, 422, 684 N.W.2d 864

6

(2004). Therefore, this claim does sound in medical malpractice which requires compliance with Michigan procedural requirements (notice of intent and affidavit of merit). However, the R&R's analysis of Plaintiff's negligence claim stopped on procedural grounds, despite the fact that Defendant raised arguments on the merits of Plaintiff's negligence claims. The R&R is silent as to whether Dr. Abdellatif's actions in this matter constituted negligence based on the actions he took. (**PageID.1465**)

The R&R failed to assess whether Dr. Abdellatif's medical treatment amounted to "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL § 691.1407(2)(c) The R&R concluded that Plaintiff's alleged heel pain failed to rise to the level of a serious medical condition protected by the Eighth Amendment. (**PageID.1458**) Evidence was presented that showed Plaintiff to have normal feet, therefore any conduct by Dr. Abdellatif cannot possible be considered reckless as to demonstrate a lack of concern for whether an injury results, since no injury could even possibly result since Mr. Burley was found to have normal feet, and this was not a serious medical need. The R&R correctly points out that Mr. Burley had an x-ray showing normal feet (**PageID.1038-39**), Mr. Burley was able to walk after his appointment with Dr. Abdellatif (**Burley Dep. At 15**) and that he denied any pain in his feet three weeks prior to his appointment with Dr. Abdellatif (**PageID.1251**). These conclusions would support a finding that no

serious issue existed for Dr. Abdellatif to assess and have a lack of concern for an injury that could not even occur. No genuine issue of material fact exists as to Plaintiff's First Amendment and Gross Negligence claims, and therefore the Magistrate's recommendation should be rejected, and summary judgment should be granted.

### IV.     CONCLUSION

WHEREFORE, Defendant BADAWI ABDELLATIF, M.D. respectfully requests that this Honorable Court **reject** the findings of the magistrate judge regarding Plaintiff's claims against him under the First Amendment and Gross Negligence, and grant his Motion for Summary Judgment, dismiss all claims against him with prejudice, and provide any and all such other relief as the Court deems just and equitable.

                                        Respectfully submitted,
                                        CHAPMAN LAW GROUP

Dated: February 13, 2020          s/ Wedad Ibrahim
                                        Ronald W. Chapman Sr., M.P.A.,
                                        LL.M. (P37603)
                                        Wedad Ibrahim (P81970)
                                        Attorneys for Badawi Abdellaitf, M.D.
                                        1441 W. Long Lake Rd., Suite 310
                                        Troy, MI 48098
                                        (248) 644-6326
                                        wibrahim@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on February 13, 2020, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/Wedad Ibrahim
Wedad Ibrahim (P81970)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
wibrahim@chapmanlawgroup.com